UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                  Case No. 96-80082
-vs-                                Hon. Avern Cohn

ROBERT HAYES,

    Defendant.

_____/

## MEMORANDUM AND ORDER DENYING
## DEFENDANT'S MOTION FOR RE-SENTENCING

### I. Introduction

Defendant Robert Hayes ("Hayes") pleaded guilty to distributing cocaine base (crack) in 1996. He was deemed a career offender under U.S.S.G. § 4B1.1 due to numerous prior convictions for controlled substance offenses and sentenced to 180 months in prison. This was within the applicable guideline range of 151-188 months. Hayes now moves for resentencing pursuant to 18 U.S.C. § 3582(c)(2) because the United States Sentencing Commission retroactively amended the sentencing guideline, U.S.S.G. § 2D1.1, to reduce the range for offenses associated with cocaine base. For the reasons discussed below, Hayes's motion is DENIED.

## II. Background

In 1996, Hayes pleaded guilty to a violation of 18 U.S.C. § 841(a)(1). Viewed in isolation, the conviction would have resulted in an offense level of 19. Hayes had a criminal history category of V, leading to a guideline range of 57-71 months.

However, due to his extensive criminal history, consisting mostly of controlled substance violations, Hayes was subject to the career offender provision of U.S.S.G. § 4B1.1(c). After a three-level reduction for acceptance of responsibility, application of the career offender provision resulted in a total offense level of 29 and a criminal history category of VI, yielding a guideline range of 151-188 months. The drug guideline that the Sentencing Commission amended in 2007, U.S.S.G. § 2D1.1, did not play a part in establishing the offense level or sentencing range. The Court sentenced Hayes to 180 months.

## III. Analysis

18 U.S.C. § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Applying the statute to this case, Hayes notes that while considering his sentence, the Court had before it the presentence investigation report, which contained a calculation of his original, non-career offender guideline range as well as the career offender guideline range. The Court thus had occasion to consider the difference between the

non-career offender guideline range and the career offender guideline range when imposing a sentence. Hayes argues that his ultimate sentence was therefore "based on" his non-enhanced guideline range as a starting point in the sentencing determination.

Hayes's proposed reading of § 3582(c)(2) attempts to stretch the statute beyond what its plain language reasonably allows. Hayes's sentence was not "based on" U.S.S.G. § 2D1.1, because § 2D1.1 is not considered in applying the career offender guideline. Section 2D1.1 was thus wholly irrelevant to calculating the appropriate guideline range in Hayes's case. Numerous district courts considering this scenario have concluded that the amendment to § 2D1.1 does not allow for resentencing when the original sentence was based on a career offender guideline. See, e.g., United States v. Jackson, No. 5:93CR30025, 2008 WL 892688 (W.D. Va. Mar. 28, 2008); United States v. Tingle, No. 4:01CR00212-014, 2008 WL 819026 (E.D. Ark. Mar. 25, 2008); United States v. Straughter, No. 94-14098, 2008 WL 717686 (S.D. Fla. Mar. 24, 2008). Hayes has not come forward with any case law tending to call these decisions into question. Hayes is therefore not eligible for resentencing under § 3582(c)(2).

SO ORDERED.

Dated: June 13, 2008         s/Avern Cohn
                             AVERN COHN
                             UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, June 13, 2008, by electronic and/or ordinary mail.

                              s/Julie Owens
                              Case Manager, (313) 234-5160